# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-257-MOC-DCK

| | |
|---|---|
| MATTHEW JENNER and JULIA MARKSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) ) | 
| PHILLIP J. HICKS, WILLIAM H. DOUGHERTY, and WILLIAM E. SCHERFFIUS, | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss For Failure To State A Claim" (Document No. 9). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and, applicable authority, the undersigned will recommend that the pending motion to dismiss be <u>denied</u> as moot.

## BACKGROUND

Defendants' "Motion To Dismiss For Failure To State A Claim" (Document No. 9) was filed on July 10, 2014. Subsequently, the parties filed a "Consent Motion For Leave To File An Amended Complaint" (Document No. 15) on August 14, 2014, which was immediately granted by the Court. <u>See</u> (Document No. 16). Plaintiffs' "First Amended Complaint" (Document No. 17) was then promptly filed with the Court, also on August 14, 2014.

## DISCUSSION

Based on the filing of Plaintiffs' "First Amended Complaint" (Document No. 17), which supersedes the original Complaint, the undersigned will respectfully recommend that Defendants' "Motion To Dismiss For Failure To State A Claim" (Document No. 9) be denied as moot. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the "First Amended Complaint," if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion To Dismiss For Failure To State A Claim" (Document No. 9) be **DENIED AS MOOT**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 19, 2014

David C. Keesler
United States Magistrate Judge