UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00257-MOC-DCK

| | | |
|---|---|---|
| **JULIA MARKSON** | ) | |
| **MATTHEW JENNER,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **WILLIAM E. SCHERFFIUS** | ) | |
| **WILLIAM H. DOUGHERTY** | ) | |
| **PHILLIP J. HICKS,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, Honorable David C. Keesler, United States Magistrate Judge, recommended that defendants' Motion to Dismiss for Failure to State a Claim (#23) be granted in part and denied in part and that defendants' Motion to Strike (#31) be denied. Specifically, Judge Keesler recommended that Count One (Negligent Misrepresentation), Count Two (Fraud in the Inducement), Count Four (Tortious Interference with Contract), Five (Civil Conspiracy), Six (Unfair and Deceptive Trade Practices), and Count Seven (Punitive Damages), not be dismissed, and that Count Three (Constructive Fraud) be dismissed. Judge Keesler further recommended that defendants' Motion to Strike plaintiff's late-filed exhibits to their Complaint be denied.

Defendants object to the recommendation that their Motion to Dismiss be denied as to Count One, Count Four, and Count Five. Defendants contend that Judge Keesler mistakenly relied on <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007), contending that such decision predates <u>Ashcroft v. Iqbal</u>, 556 S.Ct. 662 (2009). Defendants also contend that Judge Keesler improperly concluded

1

that they were equitably estopped from asserting a statute of limitations defense in bar to Count Four and Count Six. Defendants do not otherwise object to Judge Keesler's other recommendations. Even though Judge Keesler recommended dismissal of Count Three, plaintiffs have not formally objected to such recommendation. Instead, in a footnote contained in their Response to defendants' Objections, plaintiffs state that they "do not agree with this recommendation because Defendants created a fiduciary duty between themselves and Plaintiffs through the [*sic*] series of false representations that induced Plaintiffs to enter into the Loan Agreements." Response (#35), n. 1. In an abundance of caution, the court has considered this to be an objection.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After careful review of defendants' objections, the court determines that defendants, in arguing that Erickson predated Iqbal, did not recognize that Erickson (issued June 4, 2007) was

decided *after* the seminal case of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), which was decided May 21, 2007. Indeed, the Court in Erickson cited its earlier decision in Twombly. See Erickson, 551 U.S. at 93. While Iqbal is now the final word on the Rule 12(b)(6) standard as defendant observes, that decision does not depart from Twombly, but instead expands on the pleading requirements recognized therein and provides that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, supra; emphasis added). Iqbal also does not upset the essential holding in Erickson that "a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. Instead, Iqbal makes it clear that the *claims* based on the facts pled be plausible:

> [a] *claim has facial plausibility* when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. (emphasis added). This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability ...." Id. At best, the most that can be said about Erickson is not that it is inconsistent with either Iqbal or Twombly, but, rather, that it is a *per curiam* decision that was decided under the Twombly plausibility standard, but before the Court clearly defined in Iqbal what constituted a plausible claim. See Levitt v. Yelp! Inc., 765 F.3d 1123 (9th Cir. 2014).

In any event, the court has conducted a *de novo* review of Judge Keesler's recommendation under the current Twombly/Iqbal standard. Under that standard, the Complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

3

While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555. As to Judge Keesler's recommendation that defendants' Motion to Dismiss be denied, the court finds that plaintiffs' have alleged sufficient factual content which would allow this court to draw a reasonable inference that the defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. The court will overrule this objection and affirm that portion of Judge Keesler's recommendation.

The court has next considered defendant's objection that Judge Keesler improperly applied equitable estoppel in recommending denial of their Motion to Dismiss as to Counts Four and Six, which was based on the affirmative defense of the statute of limitations. Despite defendants' objection, this court fully agrees with Judge Keesler that equitable estoppel stands in bar to their statute of limitations defense as it appears that plaintiffs have sufficiently alleged that the facts which would have given plaintiffs notice of those claims were concealed until November 2013. This objection is overruled.

Finally, the court has considered what the court has deemed to be plaintiffs' objection to Judge Keesler's recommendation that Count Three be dismissed under Rule 12(b)(6). While Judge Keesler found that he was "not persuaded that Plaintiffs have made adequate factual allegations" to support a plausible claim for constructive fraud as plaintiffs did not allege a "relationship of trust and confidence," plaintiffs appear to argue that it was "fraud and concealment" itself which heightened defendants' duty to them, turning what they admit would have been an ordinary business relationship into one where a fiduciary relationship arose based on a position of power

and trust allegedly obtained through the very fraud of which they complain. In <u>Dallaire v. Bank of America, N.A.</u>, 367 N.C. 363 (2014), the North Carolina Supreme Court held that

> because a fiduciary relationship may exist under a variety of circumstances, it is possible, at least theoretically, for a particular bank-customer transaction to give rise to a fiduciary relation given the proper circumstances.

<u>Id.</u> at 368 (citations and corresponding quotation marks omitted). As <u>Dallaire</u> provides that it is possible for a fiduciary relationship to arise at least in theory between a lender and borrower, the court finds that plaintiff has *alleged* sufficient facts to assert a *plausible* claim under North Carolina law. The court notes well that the Court in <u>Dallaire</u> ultimately threw out the fiduciary duty claim at the *summary judgment stage*, which this court finds to be a better stage at which to consider whether plaintiffs in fact have evidence which could support a finding that a fiduciary relationship existed between the parties under North Carolina law. <u>Landmar, LLC v. Wells Fargo Bank, N.A.</u>, 978 F.Supp.2d 552, 567 (W.D.N.C. Oct. 17, 2013). While the court does not disagree with Judge Keesler's reasoning and may ultimately be persuaded to follow it at summary judgment (and, therefore, does not overrule him), the court will deny the Motion to Dismiss Count Three *without prejudice* as to defendants reasserting the substance of such motion after the conclusion of discovery in the form of a Motion for Summary Judgment.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#33) is **AFFIRMED** as herein provided, with the court departing from such recommendation in part to allow further development of the record through discovery. Defendants' Objections are **OVERRULED**, and defendants' Motion to Dismiss for Failure to State a Claim (#23) is **DENIED** in its entirety without prejudice and Motion to Strike (#31) is **DENIED**.

5

The parties shall conduct an IAC and file a CIAC and PTO for Judge Keesler's review within the times provided under the Local Civil Rules.

Signed: March 26, 2015

Max O. Cogburn Jr
United States District Judge